IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

JEROME HENDERSON,

Petitioner,

v.

DAVID BOBBY, Warden,

Respondent.

Case No. 1:09-CV-69
JUDGE GREGORY L. FROST
Magistrate Judge Mark R. Abel

## OPINION AND ORDER

Petitioner, a prisoner sentenced to death by the State of Ohio, has pending before this Court a habeas corpus action under 28 U.S.C. § 2254. On February 3, 2009, the Magistrate Judge issued a Report and Recommendation recommending that the Court transfer this case to the United States Court of Appeals for the Sixth Circuit as a successive petition. (Doc. # 6.) This matter is before the Court on Petitioner's objections. (Doc. # 10.) Also before the Court are Petitioner's motions for leave to amend the application (Doc. # 15) and for appointment of counsel (Doc. # 16). For the following reasons, the Court **ADOPTS** the Report and Recommendation and **TRANSFERS** this case to the Sixth Circuit as an unauthorized successive petition, **GRANTS** Petitioner's motion for leave to amend his application, and **DENIES** his motion for appointment of counsel.

### I. Objections To Report And Recommendation

Because the instant petition, by challenging Petitioner's 1985 convictions and death sentence rendered in Hamilton County, appeared to be a successive petition urging the Court to grant Petitioner's original habeas corpus petition, the Magistrate Judge recommended transferring the petition to the Sixth Circuit pursuant to 28 U.S.C. § 2244(b)(3)(A) and *In re*

*Sims*, 111 F.3d 45, 47 (6th Cir. 1997) (*per curiam*). Petitioner filed objections on February 26, 2009.

This Court reviews *de novo* those portions of the Report and Recommendations to which the parties objected. *See, e.g., Lardie v. Birkett*, 221 F. Supp. 2d 806, 807 (E.D. Mich. 2002). In that regard, Fed. R. Civ. P. 72(b)(3) provides:

> The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.

Fed. R. Civ. P. 72(b)(3). Further, although "[i]t does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings," *Thomas v. Arn*, 474 U.S. 140, 150 (1985), this Court has reviewed both Report and Recommendations *de novo*. *See, e.g., Delgado v. Brown*, 782 F.2d 79, 82 (7th Cir. 1986).

Although Petitioner's objections total fourteen pages, beyond making general assertions that "the magistrate judge made a mistake" and announcing that he objects to "every proposed fact and proposed finding and proposed legal recommendation," (Doc. # 10, at 4), Petitioner does not appear to make any substantive objections to the Report and Recommendation for this Court to address. Rather, he appears to essentially repeat the arguments that he set forth in his original application and that is wholly insufficient to justify overruling any part of the Magistrate Judge's Report and Recommendation. *See, e.g., Howard v. Secretary of Health and Human Servs.*, 932 F.2d 505, 508 (6th Cir. 1991) ("It is arguable in this case that Howard's counsel did not file objections at all. . . . [I]t is hard to see how a district court reading [the 'objections'] would know

2

what Howard thought the magistrate had done wrong.").

The closest that Petitioner appears to come to making a specific objection is suggesting that the Magistrate Judge erred in recommending that this case be transferred to the Sixth Circuit as an unauthorized successive petition because Petitioner seeks habeas corpus relief under 28 U.S.C. § 2241 rather than § 2254 and the § 2244 provisions governing second or successive petitions refer only to petitions brought under § 2254. To the extent that Petitioner makes that argument, his argument fails. It is well settled in the Sixth Circuit that the § 2244 provisions governing second or successive petitions apply regardless of what statutory label the petitioner gives his case. *Rittenberry v. Morgan*, 468 F.3d 331, 336-38 (6th Cir. 2006); *Byrd v. Bagley*, 37 F. App'x 94, 95 (6th Cir. 2002); *Greene v. Tennessee Dep't of Corr.*, 265 F.3d 369, 371 (6th Cir. 2001). That being so, Petitioner cannot avoid the § 2244 provisions governing second or successive petitions by styling his case under § 2241 instead of § 2254.

The Court **OVERRULES** Petitioner's objections and adopts the Magistrate Judge's Report and Recommendation recommending that the Court **TRANSFER** this case to the Sixth Circuit as an unauthorized successive petition.

## II. Motion For Leave To Amend Application

On March 30, 2009, Petitioner filed a motion for leave to amend his original application. (Doc. # 15.) As directed by 28 U.S.C. § 2242, Fed. R. Civ. P. 15(a) governs a motion for leave to amend a habeas corpus petition. Rule 15(a) provides that a party may amend his pleadings once as a matter of course any time before a responsive pleading is filed and, after that, only by leave of the court. The rule also provides that "[t]he court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2); *see also Mayle v. Felix*, 545 U.S. 644, 665 (2005).

3

No responsive pleading has been filed in this case. Thus, Petitioner is entitled to amend his application. Even assuming that a responsive pleading had been filed, this Court would grant Petitioner leave to amend his application because doing so would not cause any prejudice or delay. That said, the Court hastens to note that Petitioner's amended application appears to be identical to his original application. Out of an abundance of caution, however, the Court nonetheless **GRANTS** Petitioner's motion for leave to amend his original application.

### III. Motion For Appointment Of Counsel

On March 30, 2009, Petitioner filed a motion for the appointment of counsel. (Doc. # 16.) Because the Court intends to transfer this case to the Sixth Circuit as an unauthorized successive petition, the Court is of the view that Petitioner's motion would be better addressed to the Sixth Circuit. Thus, the Court **DENIES** Petitioner's motion for appointment of counsel as moot.

### IV. Conclusion

For the foregoing reasons, the Court **OVERRULES** Petitioner's objections (Doc. # 10), **ADOPTS** the Magistrate Judge's Report and Recommendation, and **HEREBY TRANSFERS** the instant petition to the Court of Appeals for the Sixth Circuit pursuant to 28 U.S.C. § 2244(b)(3)(A). The Court also **GRANTS** Petitioner's motion for leave to amend his application (Doc. # 15) and **DENIES** as moot Petitioner's motion for appointment of counsel (Doc. # 16).

**IT IS SO ORDERED.**

                                         /s/ Gregory L. Frost
                                    GREGORY L. FROST
                                    UNITED STATES DISTRICT JUDGE